IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAB ENTERPRISE CO., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 06-4361 |
| v. | : | |
| | : | |
| URSICH ELECTRIC PRODUCTS INC. and | : | |
| COLEMAN CABLE, INC., | : | |
| Defendants. | : | |

### MEMORANDUM

BUCKWALTER, S.J.                                                                                                   April 12, 2007

      Presently before the Court are Defendant Ursich Electrical Products, Inc's Motion for Transfer pursuant to 28 U.S.C. § 1404(a) from the Eastern District of Pennsylvania to the Northern District of Illinois, Eastern Division and Plaintiff's Motion in Opposition.  For the reasons explained below, this case will be **TRANSFERRED** to the Northern District of Illinois, Eastern Division.

**I. BACKGROUND**

      Plaintiff, KAB Enterprise Co., is a Taiwanese corporation with its principal place of business in Taiwan.  Defendant Ursich Electrical Products, Inc. ("UEP") is a corporation incorporated in Illinois with its principal place of business in Tinley Park, Illinois.  Defendant Coleman Cable, Inc. ("Coleman") is incorporated in Delaware with its principal place of business in Waukegan, Illinois.

On September 29, 2006, Plaintiff filed this action in the Eastern District of Pennsylvania against UEP and Coleman seeking a declaratory judgment that its products do not infringe on two patents owned by UEP which UEP licenses to Coleman.  Presently before the Court is UEP's Motion to Transfer Venue to the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1404(a).  As further explained below, the Court has determined that for the convenience of the parties and in the interests of justice, it will transfer this case to the Northern District of Illinois, Eastern Division.

## II.  STANDARD OF REVIEW

A court may transfer the venue of any civil action for the convenience of parties and witnesses or in the interests of justice, to any other district where it might have been brought. 28 U.S.C. § 1404(a).  The purpose of this section is "to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (quoting Continental Grain Co. v. FBL-585, 364 U.S. 19, 26-27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)).  Although § 1404 (a) gives a district court the discretion to decide a motion on a case-by-case basis, these motions are not to be granted liberally.  Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).

In ruling on a motion to transfer, a court should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  The first step in a court's analysis of a transfer motion is to determine whether venue would be proper in the transferee district.  If the first prong of the inquiry is

satisfied, the court determines whether a transfer would be appropriate by weighing a series of private and public factors. Id. The private factors to be considered include: (1) plaintiff's choice of forum; (2) defendant's choice of forum; (3) where the claim arose; (4) convenience of the parties as indicated by their relative physical and financial conditions; (5) convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records. Id. The public factors to be considered include: (7) enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) level of court congestion in the two fora; (10) local interest in deciding local controversies; (11) public policies of the fora, and (12) in a diversity case, familiarity of the two courts with state law. Id. at 879-880. The party moving to transfer a case on grounds of inconvenience has the burden of showing that the existing forum is inconvenient. Id. at 879.

## III.  DISCUSSION

### A.  First Prong — Venue Proper in Transferee District:

The Court has determined that venue would be proper in the transferee district, Northern District of Illinois, Eastern Division. The properness of the transferee district has not been challenged; therefore, the Court will not further expound on this prong.

### B. Second Prong — Balancing of All Relevant Private and Public Factors:

#### 1. Private Factors:

The first factor to be weighed is the Plaintiff's choice of forum, as evidenced by where if filed suit, which is the Eastern District of Pennsylvania. Plaintiff's choice of forum is a significant factor and should not be disturbed lightly. First Union Nat'l Bank v. United States, 55

F.Supp.2d 331, 332 (E.D.Pa. 1999).  However, where a plaintiff chooses a forum other than his state of residence or the situs of the occurrence upon which the suit is based, his choice is given less weight.  Remick v. Manfredy, 138 F.Supp.2d 652, 655 (E.D.Pa. 2001).  In this case, the Plaintiff is a Taiwanese corporation with its principal place of business in Taiwan.  Further since Plaintiff's products are sold throughout the United States there is not one situs of occurrence.  Therefore, the Plaintiff's choice of forum is given less weight.

The second factor to be consider is defendant's choice of forum.  In this case, we only have Defendant UEP's choice of forum because Defendant Coleman did not join in the transfer motion nor did it make a motion to keep the action in the Eastern District of Pennsylvania.[1] UEP's choice of forum is the Northern District of Illinois, Eastern Division.  As the moving party, UEP has the burden of establishing that the interests of convenience and justice would be better served by the transfer of this case to the Northern District of Illinois, Eastern Division.  Jumara at 879.  The Court has determined that UEP has met its burden because none of the parties have any connection to the Eastern District of Pennsylvania.  As previously stated, both Defendants' principal place of business are located in Illinois, and Plaintiff's principal place of business is in Taiwan.  The only reason the Court has found that the Plaintiff filed in the Eastern District of Pennsylvania is because its attorney's firm is located in the Eastern District of Pennsylvania.  That is an insufficient basis to keep this action in the Eastern District of Pennsylvania.

---

1. The Plaintiff has urged the Court to consider that Defendant UEP's filing of the motion to transfer venue was done by UEP instead of Coleman for a "purely tactical reason in an attempt to give the Court the impression that UEP [a one man company] would be inconvenienced by having this matter litigated in Pennsylvania."  Pl's Opposition at 10.  The Court does not find this argument relevant to the question of whether this case may be transferred.

The third factor, where the claim arose, weighs in favor of UEP. The Plaintiff argues that because its products are sold throughout the United States, the claim arose in the Eastern District of Pennsylvania. While this may be accurate it would be more precise to conceive of the claim as arising in Illinois. After all, the Plaintiff is seeking a declaratory judgment that its products do not infringe on two patents owned by UEP and licensed to Coleman. Both UEP and Coleman have principal places of business in Illinois. Therefore, from a practical stand point the claim "arose" in Illinois.

The fourth factor is the convenience of the parties. This factor cuts in favor of neither party because both parties have made good convenience arguments for their particular forum choice. The Plaintiff argues that it is more convenient for it to litigate in the Eastern District of Pennsylvania because its attorney practices with a small firm that is located in this District and it is a company of limited resources. Meanwhile, UEP argues that it is more convenient for it to litigate in the Northern District of Illinois, Eastern Division because that is where it is incorporated and principally located. On balance the factor of convenience of the parties does not weigh in favor of either party and will therefore not be a factor considered in the Court's analysis.

The fifth factor is convenience of witnesses to the extent witnesses would be unavailable in one of the fora. The Court will not consider this factor because as the Plaintiff points out, UEP has not established that it would be burdensome for it to produce witnesses in the Eastern District of Pennsylvania.

The sixth and final private factor to be considered is the location of relevant documents. In light of current technology, this factor should not weigh heavily in its analysis. IMS Health,

Inc. v. Vality Tech. Inc., 59 F.Supp.2d 454, 470 (E.D. Pa. 1999). However, to the extent that documents would be produced, this factor weighs in favor of the UEP because its business is principally located in Illinois. Further, Plaintiff's documents are located in Taiwan so it would be no more burdensome to produce them in Illinois than in Pennsylvania. Therefore, although this factor will not be weighed heavily in light of current technology, it is a factor in favor of UEP.

### 2. Public Factors:

The seventh factor to be weighed is the enforceability of the judgment. In the present case, this factor will not be considered because the Court does not believe it would be difficult to enforce a declaratory judgment in either jurisdiction.

The eighth factor to be weighed is practical considerations that could make the trial easier, expeditious, or inexpensive. The Court has determined that this factor weighs in favor of Defendant UEP's choice of forum, Northern District of Illinois, Eastern Division, because it will be easier to litigate matters in a jurisdiction that has a connection to the subject of the litigation, i.e. two patents owned by UEP and licensed to Coleman. The only connection the Plaintiff has to the Eastern District of Pennsylvania is that its attorney works for a firm located in this District. Thus, the eighth factor will be weighed in favor of UEP.

The ninth factor is court congestion. The Court has found there to be little difference in the congestion within either District and therefore, this factor will not be considered in its decision to transfer this case to the Northern District of Illinois, Eastern Division.

The tenth factor is local interest. The Court has determined that this factor weighs in favor of Defendant UEP because the Northern District of Illinois, Eastern Division has more of

an interest in declaring whether patents owned by a company incorporated and located in its District are being infringed.  The Plaintiff argues that because its products are sold throughout the United States and this is a patent infringement case, Pennsylvania has a local interest.  The Court disagrees with Plaintiff's analysis because it implies any district court in the United States would have a local interest in this case.  Instead, this Court has concluded that Northern District of Illinois, Eastern Division has the local interest because the declaratory judgment directly impacts the rights of a patent owner located and incorporated within the Northern District of Illinois, Eastern Division.

Factors eleven and twelve are not relevant to a balancing of the factors to determine which forum is more convenient because public policy is the same in both forums and this case is not before this Court based on diversity of the parties.

## IV.  CONCLUSION

For all the forgoing reasons, this Court finds that UEP has established that it is more convenient for the parties and the interests of justice will be better served by transferring this case to the United States District Court for the Northern District of Illinois, Eastern Division.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAB ENTERPRISE CO., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO.  06-4361 |
| v. | : | |
| | : | |
| URSICH ELECTRIC PRODUCTS INC. and | : | |
| COLEMAN CABLE, INC., | : | |
| Defendants. | : | |

### ORDER

AND NOW, on this 12th day of April, 2007, upon consideration of Defendant UEP's Motion for Transfer (Docket No. 3) and Plaintiff's Motion in Opposition thereto (Docket No.6), it is hereby **ORDERED** that this case be **TRANSFERRED** to the Northern District of Illinois, Eastern Division.

This case is **CLOSED**.


BY THE COURT:


*s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.